FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 MAY 12  PM 1: 33

U.S. DISTRICT COURT
N.D. OF ALABAMA

JOSEPH A. RUSSELL and
JAMES E. WALLACE, et al.,

PLAINTIFFS,

v.

CASE NO.: CV-99-J-669-S

BIBB COUNTY, AL.,
GEORGE FLEMING, et al.,

DEFENDANTS.

ENTERED

MAY 1 2 1999

## MEMORANDUM OPINION

Defendants in this action filed three separate motions to dismiss (doc. 8, 10 and 12).

These motions were considered by the court at its May 11, 1999 motion docket at which time

all parties were represented by and through counsel and the court heard oral argument on said

motions.  The parties have also filed memoranda of law in support of and in opposition to

said motions.  The court having considered said motions and argument, the court finds as

follows:

The plaintiffs and uncertified plaintiff class are individuals who either are or have

been inmates at the Bibb County Jail. The plaintiffs filed this action alleging both that the

physical condition of the jail was in violation of their constitutional rights as well as that the

treatment of the inmates at the jail was in violation of their constitutional rights.  Count I of

the complaint asserts a 42 U.S.C. § 1983 claim against the sheriff of Bibb County.  Count II

alleges the same claim against the chief jailer of the county.  County III also states a 42

U.S.C.  § 1983 claim against the county and the county commission.  Count IV alleges state

law claims and Count V requests attorney's fees and costs under 42 U.S.C. § 1988.  The court has considered each of the defendant's motions to dismiss and the plaintiff's response thereto.  The court has also reviewed the statements of present and past inmates of the jail, attached to the complaint, and to the plaintiffs' response to the defendants' motions.

The defendants each assert in the memorandum briefs that the plaintiffs have failed to exhaust their administrative remedies, as mandated by Congress in the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).  Section 1997e(a) of the PLRA mandates that "no federal action shall be brought" by a prisoner under any federal law until the prisoner has exhausted all "administrative remedies as are available." *Hawk v. Alexander*, 159 F.3d 1321, 1323-1324.  Because the plaintiffs' claims were filed after the April 26, 1996 effective date, the PLRA exhaustion requirement applies.  In response to the defendants' arguments that the plaintiffs failed to exhaust their administrative remedies, the plaintiffs assert that the grievance procedure of the Bibb County Jail was a sham.  Accepting this as true, this court still finds that the plaintiffs' complaints fell squarely within the jurisdiction of the Board of Adjustment created by the Alabama Legislature.  *See* § 41-9-61, *et seq*., Code of Alabama 1975, as amended 1994.  Section 41-9-62(a)(1) gives the Board of Adjustment the authority to hear and consider all claims for "damages to the person or property growing out of and injury done to either the person or the property by the State of Alabama or any of its agencies, commissions, boards, institutions or departments...."  See also § 41-9-62(a)(4).  Plaintiffs' argue that no "grievance procedure, memorandum, flier, writing or notice of any

2

kind or type whatsoever has ever been provided to any Bibb County Jail inmate regarding the 'Alabama Board of Adjustment.'" Plaintiffs' response at 3. This does not excuse plaintiffs' failure to comply with the exhaustion requirements of 42 U.S.C. § 1997e(a).

This court finds that the Eleventh Circuit has made clear that no litigation under any federal law may proceed without prior compliance with the exhaustion requirement of the PLRA. *Hawk*, 159 F.3d 1324. In that case, the Court also stated that "judicially recognized futility and inadequacy exceptions do not survive the new mandatory exhaustion requirement of the PLRA .... Congress has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement." *Id.*, at 1325-1326. The Eleventh Circuit has left no room for this court take any action other than the dismissal of plaintiffs' claims while the plaintiffs' exhaust their administrative remedies.

The state law claims of plaintiffs against defendants Bibb County, Alabama and the Bibb County Commissioners are also subject to § 6-5-20, Ala.Code, which states that an action against a county cannot be commenced until the claim has been presented to the county commission, disallowed, or reduced by the commission and the reduction refused by the claimant. The plaintiffs have not complied with the steps to bring state law claims against this defendant in this court.

In consideration of the foregoing and the court having considered the written and oral arguments of the parties, the court is of the opinion that each of the defendants' motions to dismiss are due to be granted.

3

It is therefore **ORDERED** by the court that the motion to dismiss of Bibb County, Alabama and Commissioners Gene Moreland, Joe Chism, Ray Sansing, Napoleon Worrell and Vadus Moore (doc. 8) be and hereby is **GRANTED**.   It is further **ORDERED** by the court that the motion to strike of these same defendants (doc. 9) be and hereby is **MOOT**.

It is further **ORDERED** by the court that the motion to dismiss of defendant George Fleming (doc. 10) be and hereby is **GRANTED**.

It is further **ORDERED** by the court that the motion to dismiss of defendant Arthur Harris (doc. 12) be and hereby is **GRANTED**.

It is further **ORDERED** by the court that each of the above orders of dismissal are granted without prejudice for the plaintiffs to refile their claims after all statutory prerequisites for such claims are met.

**DONE** and **ORDERED** this the ___12___ day of May, 1999.


_____
UNITED STATES DISTRICT JUDGE
INGE P. JOHNSON

4